**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH PORTER,

*Plaintiff,*

v.

RONALD L. CHARLES *et al.,*

*Defendants.*

Civil Action No. 25-17619

**OPINION**

November 20, 2026

**THIS MATTER** comes before the Court upon Plaintiff Joseph Porter's Motion for Leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) (ECF No. 54) and Defendant CFG Health Systems, LLC's ("CFG") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34.) For the reasons set forth below, Plaintiff's Motion for Leave to Amend ("Plaintiff's Motion") is **GRANTED**, and CFG's Motion to Dismiss ("CFG's Motion) is **DENIED AS MOOT, WITHOUT PREJUDICE** to renewal following the filing of the Second Amended Complaint.

## I. BACKGROUND

Plaintiff, a pretrial detainee presently confined at the Essex County Correctional Facility ("ECCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging, among other things, deliberate indifference to his serious medical needs. The operative Amended Complaint identifies CFG as a private corporation contracted by Essex County to provide medical care to detainees at ECCF. (ECF No. 4-2 ¶ 16.)

As relevant to CFG's Motion, Plaintiff alleges that he sustained two fractures to his right

hand on November 2, 2022, and signed a consent form for surgery scheduled for November 13, 2022, but was never transported for the procedure. (*Id.* ¶ 26.) He further alleges that, in January 2024, CFG physician Dr. Paul O'Connor declined to perform surgery because the bones in Plaintiff's hand had already healed. (*Id.* ¶ 68.) Finally, Plaintiff alleges that, on April 7, 2025, CFG physician Dr. Rommells Montillus advised him that surgery to address his paralyzed or nerve-damaged fourth finger and excess skin on his right palm could not be performed because CFG had no physiotherapist at the jail. (*Id.* ¶ 67.)

In Count Four, Plaintiff seeks to hold CFG liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging that CFG maintained an unconstitutional custom of denying necessary surgery to detainees. (ECF No. 4-2 ¶ 73.) CFG moves to dismiss that claim, arguing that Plaintiff has not adequately alleged a policy or custom attributable to CFG and instead relies on isolated incidents involving his own medical care. (ECF No. 34.)

While CFG's Motion was pending, Plaintiff moved for leave to file a Second Amended Complaint. (ECF No. 54.) The proposed Second Amended Complaint elaborates on Plaintiff's allegations concerning his medical treatment, including the conduct of Drs. Montillus and O'Connor. (*Id.*, Ex. A.) The proposed pleading also retains the allegations underlying Count Four concerning CFG's alleged custom of denying necessary surgery. (*Id.*) Although the table of contents references a seventh count, the body of the proposed pleading does not set forth substantive allegations under that count. (*Id.*) Plaintiff now seeks leave to file the proposed Second Amended Complaint to further elaborate on his allegations and assert additional claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, where a party may no longer amend as a matter of course, it may amend its pleading with the opposing party's written consent or the

Court's leave. The Rule instructs that "[t]he court should freely give leave when justice so requires."

The decision whether to grant leave to amend rests within the Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave may be denied where there is evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Id.* In the absence of such circumstances, the Third Circuit has emphasized that leave to amend should ordinarily be granted. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An amendment is futile if the amended pleading would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing futility, the Court applies the same standard governing a motion to dismiss under Rule 12(b)(6), accepting well-pleaded factual allegations as true and drawing reasonable inferences in the plaintiff's favor.

## III. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend

The Court finds that leave to amend is warranted. Plaintiff seeks to supplement and clarify allegations concerning the medical treatment he received at ECCF, including the alleged denial of surgery for his right-hand injuries. (ECF No. 54, Ex. A.) The proposed pleading provides additional factual detail concerning the conduct of the individual medical providers and the circumstances surrounding Plaintiff's asserted need for surgery. (*Id.*)

The Court does not find, on the present record, that Plaintiff acted in bad faith or with a dilatory motive. Nor has the Court identified undue prejudice to the existing Defendants that would warrant denying leave. The case remains in the discovery stage, and the operative

scheduling order provides for discovery through April 19, 2027, with dispositive motions due August 23, 2027. (ECF No. 60.) Allowing Plaintiff to amend at this juncture will permit the parties to proceed on a single, operative pleading and address the claims as framed therein.

The Court has also considered whether the proposed amendment would be futile. In that regard, the Court recognizes that the proposed Second Amended Complaint does not materially alter the allegations supporting Plaintiff's *Monell* claim against CFG. Paragraph 73 continues to rely principally on three episodes involving Plaintiff's own medical treatment and the assertion that CFG lacked a physiotherapist at ECCF. (*See* ECF No. 54 ¶ 73; *see also* ECF No. 4-2 ¶ 73.) The proposed pleading does not materially add facts identifying a formal CFG policy, a decision by an official with final policymaking authority, or a sufficiently established institutional practice that caused the alleged constitutional deprivation. (*See id.*)

That deficiency, however, does not warrant denying the proposed amendment in its entirety. The proposed pleading also elaborates on Plaintiff's individual medical-care allegations against Drs. Montillus and O'Connor. (ECF No. 54.) Those allegations are distinct from the question whether CFG may be held liable as an entity under § 1983. The fact that Plaintiff's proposed amendment may not cure the pleading deficiency identified in CFG's Motion does not establish that the amendment as a whole would be futile.

Accordingly, the Court permits Plaintiff to file the proposed Second Amended Complaint. (ECF No. 54, Ex. A.) The Court emphasizes that this ruling does not constitute a determination that every claim or allegation in the proposed pleading is legally sufficient. Nor does it foreclose any Defendant from challenging the sufficiency or proper joinder of claims in the amended pleading.

**B. CFG's Motion to Dismiss**

Because the Court grants Plaintiff leave to amend, the Second Amended Complaint supersedes the operative Amended Complaint. *See, e.g., Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) (recognizing that an amended complaint supersedes the original pleading). CFG's Motion (ECF No. 34), which is directed to the prior pleading, is therefore denied as moot, without prejudice to CFG's ability to renew its arguments in response to the Second Amended Complaint.

The Court does not reach the merits of CFG's arguments concerning Count Four. Although CFG contends that Plaintiff has failed to allege a policy or custom attributable to CFG, the Court declines to adjudicate those arguments against a pleading that is no longer operative. CFG may raise its arguments anew, as appropriate, in response to the Second Amended Complaint. The Court expresses no final determination at this time as to the sufficiency of Count Four or any other claim in the amended pleading.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (ECF No. 54) is **GRANTED**. Plaintiff shall file the Second Amended Complaint attached as Exhibit A to ECF No. 54 as a separate docket entry within fourteen (14) days of the accompanying Order. CFG's Motion to Dismiss (ECF No. 34) is **DENIED AS MOOT, WITHOUT PREJUDICE** to renewal following the filing of the Second Amended Complaint.

An appropriate Order accompanies this Opinion.

**Hon. Karen M. Williams,**
**United States District Judge**